## WILL MCANTHONY v. THE STATE.

### No. 3467.   Decided March 17, 1915.

**1.—Murder—Charge of Court—Defense of Another.**

Where, upon trial of murder, the evidence showed that the defendant acted in his own defense or that of another, and the court's charge on self-defense properly submitted these issues, there was no reversible error, and defendant's objection to said charge was untenable.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the testimony, although · conflicting, was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Burleson. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Heslep,* for appellant.—On question of court's charge: Morrison v. State, 37 Texas Crim. Rep., 601; Wheeler v. State, 56 id., 547; Moore v. State, 59 id., 361; Walker v. State, 63 Texas Crim. Rep., 499, 140 S. W. Rep., 455.

On question of insufficiency of the evidence: Munden v. State, 37 Texas, 353; Law v. State, 34 Texas Crim. Rep., 79; Garner v. State, 34 id., 356; Reyons v. State, 33 id., 143; Bonner v. State, 29 Texas Crim. App., 223; Johnson v. State, 5 id., 43.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder and given five years in the penitentiary.

There were two questions raised: The first was an exception to the charge properly taken and reserved, that in the fourth paragraph the

court failed to tell the jury that the defendant would have the right to shoot and kill the deceased in defense of another as well as in the defense of himself, as the evidence showed. The second ground alleges the insufficiency of the evidence to support the conviction.

The fourth paragraph of the charge, to which exception is reserved, reads as follows: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, Will McAnthony, with a pistol, and not in defense of himself against an unlawful attack reasonably producing a rational fear or expectation of death, or serious bodily injury, with intent to kill, did unlawfully and with implied malice, shoot and thereby kill said Eugene McKinney, as charged in the indictment, you will find him guilty of murder in the second degree and assess his punishment at confinement in the penitentiary for any period," etc. Had the. charge stopped at this point it would have been clearly insufficient and reversible, but the court gave the following charge, which is paragraph 5: "If you believe from the evidence that the defendant, Will McAnthony, did, with a pistol, shoot and thereby kill the said Eugene McKinney, and you further believe from the evidence that the said Eugene McKinney did first, with a pistol, shoot at the defendant; or if you believe from the evidence that the said Eugene McKinney was about to kill and murder Nels Dillard, 'or inflict upon him serious bodily injury, or that it so appeared to the defendant, and that the defendant did then shoot the said Eugene McKinney to prevent the killing or the infliction of serious bodily injury upon the said Nels Dillard by the said Eugene McKinney, then you are charged that in either case his act in so killing the said Eugene McKinney would be lawful, and he would not be required to retreat in order to avoid the necessity or the apparent necessity of shooting the said Eugene McKinney, and if you so find you will return a verdict of not guilty, and in passing upon this matter you must do so from the defendant's standpoint at the time, as it appeared to him."

We are of opinion that these two charges sufficiently submit the issue of self-defense in favor of the defendant as to the act of McKinney in trying to shoot him, or shooting at him as well as the apparent purpose or real purpose of shooting Nels Dillard. As before stated, the appellant suggested two theories, one that Eugene McKinney pulled his pistol and fired. He is supported in this contention with considerable amount of testimony. There is also the issue that he may have shot at Nels Dillard, and whether he shot at Nels Dillard or not, that he pulled his pistol for the purpose of shooting Nels Dillard when the defendant interposed in the difficulty, and the shot may have been fired at appellant. These two theories are in the case by considerably amount of testimony. We are of the opinion that the charge as given, however, sufficiently submits to the jury so they were not misled by the charge in such manner as to sufficiently present these issues.

With reference to the evidence and its sufficiency, we deem it unnecessary to recapitulate it. There were quite a number of witnesses who testified pro and con. That for the State would support, in our judg-

ment, the finding of the jury. Had they believed the defendant's side of it, he should have been ·acquitted. We are of opinion it would serve no useful purpose to go into a detailed statement of the evidence.

As the record presents itself to us we are of opinion the judgment ought to be affirmed and it is so ordered.

. *Affirmed.*